## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RYAN CHRISTOPHER CHEATHAM,**

      **Plaintiff,**

      **v.**                          **CASE NO.  22-3132-JWL-JPO**

**ANDREW DEDEKE, et al.,**

      **Defendants.**

### <u>MEMORANDUM AND ORDER</u>

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ").  This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 27).

On November 21, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 26) ("MOSC") granting Plaintiff until December 19, 2022, in which to show good cause why Plaintiff's claims regarding his dental care, medical care for his injured finger, and claims regarding his STD test, should not be dismissed for the reasons stated in the MOSC.  Plaintiff was also ordered to show good cause why his claims against Sheriff Dedeke should not be dismissed.

Plaintiff has now filed a motion for a preliminary injunction, asking the Court to order defendants to fix Plaintiff's finger.  (Doc. 27, at 1–2.)  Plaintiff claims that he has now had an MRI on his finger that shows he needs surgery.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th

Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

The Court found in the MOSC that Plaintiff's allegations regarding medical care for his finger do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment or medication. Plaintiff received an x-ray for his finger, but did not receive an MRI until after he filed this case. Part of the delay was due to him being quarantined after testing positive for Covid. This apparent disagreement over course of treatment, however, does not rise to the level of a constitutional violation. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010). Plaintiff has failed to show that the officials were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.

Plaintiff has now received an MRI on his finger and seems to anticipate that he will not receive proper medical care following the MRI. Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's

right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Preliminary Injunction (Doc. 27) is **denied.**

**IT IS SO ORDERED**.

**Dated November 30, 2022, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**