IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

    **Plaintiff,**

    v.                                                    CASE NO. 22-3132-JWL-JPO

ANDREW DEDEKE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"). On July 12, 2022, the Court entered an Order (Doc. 5) dismissing Plaintiff's claim regarding the processing of his mail and ordering a *Martinez* Report regarding Plaintiff's medical care. The Report was filed (Doc. 6) and Plaintiff filed a response (Docs. 10, 19). On November 21, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 26) ("MOSC") directing Plaintiff to show good cause why his claims regarding his dental care, his medical care for his injured finger, and his claims regarding his STD test, should not be dismissed for failure to state a claim. The Court also directed Plaintiff to show good cause why his claims against Sheriff Dedeke should not be dismissed. The Court found in the MOSC that Plaintiff's claims regarding his mental healthcare and medications survive screening. This matter is before the Court on Plaintiff's response (Doc. 29, 30) to the Court's MOSC, Plaintiff's motion for reconsideration (Doc. 31), and Plaintiff's second motion for a preliminary injunction (Doc. 32).

In his response, Plaintiff states that he agrees to dismiss his claim regarding his dental care. (Doc. 29, at 1.) Therefore, the Court will dismiss that claim.

1

Plaintiff maintains the delay in fixing his injured finger is causing substantial harm. *Id*. at 2. Plaintiff alleges that after he received an MRI on his finger, Defendants Melissa Wardrop and Judith Beck[1] were deliberately indifferent to his medical needs by refusing to send him to a specialist as recommended. *Id*. Plaintiff's declaration filed on December 5, 2022, alleges that he has still not been scheduled to see a specialist. (Doc. 30.) The Court finds that Plaintiff has shown good cause why his claim regarding medical care for his injured finger should not be dismissed, and this claim survives screening.

Plaintiff also alleges that he requested, but did not receive, a second STD test on June 13, 2022, after he returned to jail. (Doc. 29, at 2.) Plaintiff has not shown that any defendant was deliberately indifferent in refusing to provide him with a second STD test. In *Pace v. Myers*, the court found that plaintiff failed to show deliberate indifference as follows:

> [T]o state a deliberate indifference claim, a plaintiff must allege that he suffered from a serious medical need. This claim was originally dismissed because Plaintiff did not articulate a reason why he needed an AIDS/HIV or STD test. Now Plaintiff has alleged that he engaged in high risk behavior for those conditions prior to his incarceration. But the Court cannot find any case that holds that a fear of developing a serious medical need, however legitimate, is the same as having a serious medical need. Generally, a serious medical need is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Here, Plaintiff has not alleged that he was previously diagnosed with any of the conditions. He has also not alleged that he was experiencing any symptoms that would indicate a need for testing or treatment to a layperson. Therefore the Court finds that Plaintiff has failed to state a claim upon which relief could be granted.

*Pace v. Myers*, 2016 WL 6071797, at *6 (S.D. Ill. Oct. 17, 2016); *see also Sorenson v. Minnesota Dep't of Human Servs.*, 2015 WL 251720, at *12 (D. Minn. Jan. 20, 2015) (adopting

---

[1] The Court notes that Judith Beck is not a named defendant in this action.

recommendation that claim regarding failure to provide an STD test failed to state a claim where plaintiff failed to allege that he sustained any actual injury that might have been remedied by the alleged STD testing); *Smith v. People of California*, 2010 WL 1753215, at *1 (N.D. Cal. April 29, 2010) (finding plaintiff's claim that nurse stuck himself with needle before giving plaintiff a shot did not warrant requested STD test, and stating that "Plaintiff's claim that his circumstance necessitates an STD test is insufficient to state an Eighth Amendment violation absent allegations that he is suffering a "serious" medical need, e.g., that he has a medical condition that significantly affects his daily activities or that he is suffering a chronic and substantial pain. Without a serious medical need, it cannot be said that defendants acted with deliberate indifference in allegedly ignoring plaintiff's request for an STD test."). The Court finds that Plaintiff has failed to show good cause why his claim regarding the denial of a second STD test should not be dismissed for failure to state a claim.

Plaintiff argues that Sheriff Dedeke should be held liable because he filed a grievance explaining that long-term segregation without mental health treatment constituted cruel and unusual punishment, and the Sheriff is in charge of placing inmates on, and taking them off of, segregation status. *Id*. at 3. The Court finds that Plaintiff has shown good cause why his claims against Sheriff Dedeke should not be dismissed.

Plaintiff has filed a motion for reconsideration (Doc. 31) asking the Court to reconsider the denial of injunctive relief regarding Plaintiff's injured finger. Local Rule 7.3 provides that "[p]arties seeking reconsideration of a court order must file a motion within 14 days . . . [and the motion] must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3.

Plaintiff has failed to present any of the grounds warranting reconsideration as set forth in Local Rule 7.3. Plaintiff has not set forth an intervening change in controlling law or the availability of new evidence. Plaintiff has not set forth the need to correct clear error or to prevent manifest injustice. Plaintiff's motion for reconsideration rehashes his prior arguments and is denied.

Plaintiff fares no better if his motion is considered under Fed. R. Civ. P. 59(e). A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its November 30, 2022 Memorandum and Order (Doc. 28) denying Plaintiff's motion for a preliminary injunction, and that ruling stands.

Plaintiff has also filed a second motion for a preliminary injunction (Doc. 32) regarding his medication.  Plaintiff alleges that Nurse Wardrop stopped giving him Abilify and switched his medication to Respadal [sic].  (Doc. 32, at 1.)  Plaintiff claims he does not know what this new medication "is about" and he doesn't know if it has side-effects.  *Id*.  Plaintiff claims he was just told his medication was changing and was not given any educational materials regarding the new medication.  Plaintiff asks this Court to switch his medication back to Abilify.  *Id*. at 2.

Plaintiff has not shown that he is entitled to a Court order directing medical staff to change Plaintiff's medication.  To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against

something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for reconsideration (Doc. 31) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's second motion for a preliminary injunction (Doc. 32) is **denied.**

6

**IT IS FURTHER ORDERED** that Plaintiff's claims regarding his dental care and the refusal to provide a second STD test are **dismissed.**

**IT IS FURTHER ORDERED** that Plaintiff's claims regarding his mental healthcare and medications, and his medical claim regarding his injured finger, survive screening.

**IT IS FURTHER ORDERED** that the Clerk is directed to prepare and issue waiver of service forms for Defendants Dedeke and Wardrop pursuant to Fed. R. Civ. P. 4(d).

**IT IS SO ORDERED**.

Dated January 13, 2023, in Kansas City, Kansas.

>                     **S/ John W. Lungstrum**
>                     **JOHN W. LUNGSTRUM**
>                     **UNITED STATES DISTRICT JUDGE**