IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

    **Plaintiff,**

    v.                                CASE NO. 22-3132-JWL

ANDREW DEDEKE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"). This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 36). Defendants have filed a response (Doc. 42), and Plaintiff has filed a reply (Doc. 49).

Plaintiff seeks a preliminary injunction ordering defendants to schedule surgery to fix Plaintiff's right pinky finger. (Doc. 36, at 1.) Plaintiff alleges that a specialist indicated that "surgery may not fix Plaintiff's finger." *Id*. Plaintiff alleges that the delay in scheduling the surgery is putting him at a higher risk for permanent handicap. *Id*.

Defendants' response notes that Plaintiff injured his right pinky finger in May 2022; he has since complained of pain and the inability to bend the finger; Plaintiff has never stated the injury impacts his daily functions; and Plaintiff is left-hand dominant. (Doc. 42, at 3.) Plaintiff had an MRI in October 2022, and was referred to an orthopedic surgeon who in turn referred him to a plastic surgeon. *Id*. Plaintiff met with the plastic surgeon on December 5, 2022, and the plastic surgeon found:

> Patient has no significant appreciable scars lacerations etc. Neurovascularly intact. 6 mm of static two-point discrimination for the small finger. He does have some pull-through of FDS tendon

> for the small finger. No FDP tendon pull-through. Reports pain in the palm during this. He is able to make a supple passive fist. Full digital extension actively and passively as well.

*Id*. at 3 and Exhibit A (Doc. 46, under seal).  The response notes that the plastic surgeon never reported that surgery was required.  *Id*. at 4.  The plastic surgeon's progress notes indicate that they "reviewed the risks and benefits" of surgery with Plaintiff, but does not indicate that surgery was required.  *Id*. at Exhibit A.

Defendants had the plastic surgeon's report reviewed by DNP Harris, who concluded that surgery was not required, finding that: Plaintiff can fully extend his injured finger; he can flex and extend it against resistance; there are no deformities; to the extent Plaintiff is in pain, pain relievers are available through the commissary as needed.  *Id*. at 4, Exhibit A.  Defendants also state that they are in the process of discussing this with a collaborative physician to get a second opinion. *Id*.

In his reply, Plaintiff argues that he has shown deliberate indifference regarding the medical care he has received for his injured finger.  (Doc. 49.)  He asserts that when the defendants did not like the information received from the MRI results, they "decided to send this Plaintiff to a specialist for further opinions."  *Id*. at 2.  Plaintiff alleges that now they "seek yet a third opinion from another collaborative physician."  *Id*. at 3.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite

for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff previously sought injunctive relief to obtain surgery for his finger. (Doc. 27.) The Court denied the motion, stating that Plaintiff received an x-ray for his finger, but did not receive an MRI until after he filed this case. (Doc. 28, at 2.) The Court noted that part of the delay was due to Plaintiff being quarantined after testing positive for Covid. *Id*.

Following his MRI, Plaintiff has been seen by an orthopedic surgeon and a plastic surgeon. The plastic surgeon's progress notes do not show that surgery was required. Defendants have indicated that they are now consulting with a collaborative physician to get a second opinion. Plaintiff seeks a mandatory injunction, even though he admits that surgery may not even fix his finger.

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which

requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Preliminary Injunction (Doc. 36) is **denied.**

**IT IS SO ORDERED**.

Dated February 16, 2023, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE