IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

    Plaintiff,

    v.

ANDREW DEDEKE, *et al.*,

    Defendants.

Case No. 22-3132-TC-ADM

**MEMORANDUM AND ORDER**

    This matter comes before the court on pro se plaintiff Ryan Christopher Cheatham's ("Cheatham") Motion for Leave to Amend Complaint. (ECF 184.) By way of this motion, Cheatham seeks leave to amend his complaint to add yet another defendant: Captain Thorne ("Thorne"), whom he alleges is the acting commander of the Leavenworth County Jail who consulted with defendant Judith Beck regarding the decision not to schedule his surgery. (*Id.*) Cheatham contends that his proposed amendment is "based on new evidence" because Cheatham only just learned about Thorne's involvement on August 28 when he received defendant Melissa Wardrop's interrogatory answers. (*Id.*) Defendants Beck, Dedeke, and Harris oppose the motion. (ECF 188, 189, 192.) For the reasons discussed below, the court denies Cheatham's motion.

    The deadline for motions to amend the pleadings was May 29, 2024. (ECF 100, at 2.) Where, as here, the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R.

CIV. P 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *Id.*

To establish good cause under Rule 16(b)(4), the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018). Cheatham was not diligent in discovering Captain Thorne's potential involvement in the case. Defendant Beck served her answer to Cheatham's Interrogatory No. 16 (asking "who makes all final decision as to scheduling surgery for inmates at the Leavenworth County Jail") on June 19. (ECF 117.) The answer stated that the "Leavenworth County Jail administration is responsible for scheduling medical procedures." (ECF 126-3 ¶ 16, at 1-2.) Instead of seeking additional discovery to follow up on who specifically in Leavenworth County Jail administration is responsible for scheduling medical procedures, Cheatham filed a motion to amend his complaint on July 3 to add Sheriff Dedeke as a defendant based on this interrogatory answer. (ECF 126.) As defendant Harris points out, Cheatham has known for two years that Thorne is also part of the Leavenworth County Jail administration. (ECF 192, at 4 (citing *Martinez* Report, ECF 6, at 16).) Cheatham could have sought to add Thorne when he was adding defendants in jail administration, but he did not. Therefore, the court finds that Cheatham has not met the good-cause standard for amending his pleading after the scheduling order deadline.

Cheatham also does not meet the standards of Rule 15(a). When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). A court may withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the court finds that Cheatham's undue delay in seeking to add this new defendant would prejudice the current defendants at this late stage of the litigation. Cheatham has already been granted three opportunities to amend his complaint. (ECF 73, 115, 148.) Although the court does not typically allow serial amendments, the court allowed Cheatham to amend to add DNP Harris and to re-add Dedeke mainly because of Cheatham's pro se status and because his motions to amend were uncontested. (ECF 114, 147.) However, even then, the court warned Cheatham that, "in view of the progression of this case, the court will be increasingly disinclined to allow any further amendments, particularly any amendment that could have been sought earlier and appears likely to further protract the resolution of this case." (ECF 114, at 2.) At this point in the litigation, the court finds that an additional amended complaint adding Thorne as a defendant would add significant delay to this case, which was filed more than two years ago. The court is also persuaded that the current defendants would be prejudiced by the late amendment because allowing Cheatham to add Thorne at this late date will once again expand the scope of the case and likely generate further motion practice over the pleadings. The parties and the court have already devoted significant resources to sorting out Cheatham's claims, as the district judge has ruled one motion to dismiss and has several more dispositive motions pending before him. (ECF 98, 122, 157, 162.) It is time to move forward with this case with the current parties.

      **IT IS THEREFORE ORDERED** that plaintiff Ryan Christopher Cheatham's Motion for Leave to Amend Complaint (ECF 184) is denied.

      **IT IS SO ORDERED.**

Dated September 18, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge