IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

    Plaintiff,

    v.                                                         Case No. 22-3132-TC-ADM

ANDREW DEDEKE, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Ryan Christopher Cheatham's ("Cheatham") motion for leave to amend his complaint, which is titled "Motion for Leave to Amend Third Complaint." (ECF 234.) By way of this motion, Cheatham seeks leave to amend his complaint for two reasons: (1) to dismiss defendant Jana Harris and (2) to attach additional documents as exhibits to his complaint because they contain new facts and evidence he has received during discovery that support his claims. (*Id.*) Defendants Judith Beck and Andrew Dedeke oppose the motion. (ECF 241, 245.) For the reasons discussed below, the court grants Cheatham's motion.

Cheathham's first reason for moving to amend is now moot. On October 21, 2024, the parties filed a joint stipulation of dismissal with prejudice as to defendant Harris only. (ECF 246.) As a result, Cheatham's proposed amendment is not necessary to dismiss Harris from the case.

### A.    Cheatham Has Demonstrated Good Cause for the Late Amendment

The court next turns to Cheatham's second reason for seeking to amend his complaint—to supplement his allegations in his complaint using documents obtained during discovery that he believes support his claims and/or contradict the positions of the remaining defendants. The

deadline for motions to amend the pleadings was May 29, 2024.  (ECF 100, at 2.)  Where, as here, the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion.  *Id.*

To establish good cause under Rule 16(b)(4), the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts."  *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018).  Here, Cheatham's Third Amended Complaint, filed on July 18, added Dedeke to the case as a defendant.  (ECF 157.)  Cheatham promptly issued written discovery requests to defendant Dedeke on July 24 and/or July 29, 2024.  (ECF 152, 154.) On August 1, Dedeke filed a motion to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  (ECF 157, 158.)  Dedeke's motion argues that "Cheatham fails to allege a constitutional violation against Dedeke for his claim premised on a failure to schedule surgery for Cheatham's injured finger" because Cheatham did not allege (1) Dedeke was personally involved in the constitutional violation of denying him medical care, (2) a sufficient causal connection between Dedeke and the constitutional violation, or (3) that Dedeke acted with the requisite state of mind.  (ECF 158, at 6-8.)  Dedeke served his responses to Cheatham's discovery requests on August 27 (ECF 176) and supplemented his responses on October 8 (ECF 235).  The Second Amended Scheduling Order entered on August 19 set a deadline for all discovery requests to be served by September 30.  (ECF 172.)

The court finds that Cheatham has demonstrated good cause because he could not have met the May 29 motion to amend deadline, given that Dedeke was not added back to the case as a

defendant until July 18.  And Cheatham made diligent efforts to draft and serve discovery requests on Dedeke shortly after he re-entered the case.  Cheatham also appears to have diligently sought discovery from the other defendants after the stay of discovery was lifted following the district judge's ruling on Wardrop and Dedeke's initial motion to dismiss.  (*See* ECF 106, 117, 132, 137-38, 159, 238 (relating to Beck), ECF 76, 106, 155, 170, 175 (relating to Wardrop), ECF 140, 196 (relating to Harris).)  Cheatham now seeks to amend his complaint to supplement it with "new evidence [that] came to light in the month of September 2024."  (ECF 234-1, at 8.)  Specifically, Cheatham seeks to supplement his complaint with "Exhibit A," which is an "Affidavit of Jana Harris, DNP" that Cheatham alleges shows who actually had authority to schedule surgery for Cheatham and other inmates; "Exhibit 31," which is Defendant Jana Harris, DNP's Answers and Objections to Plaintiff's First Interrogatories that Cheatham alleges demonstrates Dedeke's personal involvement in not scheduling Cheatham for surgery; and "Exhibit 27," which is Defendant Wardrop's Answers to Plaintiff's Amended Interrogatories that Cheatham claims shows Beck had the power to make the decision to schedule surgery, as well as Beck and Dedeke having a conversation about Cheatham's injury and surgery recommendations.  (*Id.* at 8-9; ECF 234-2.)  Cheatham also seeks to amend his complaint to attach Exhibits 13, 20, 39, 40, 41, and 42 to show Dedeke, Beck, and Wardrop's personal involvement in decisions regarding Cheatham's medical care and scheduling of surgery, which Cheatham says contradicts some statements previously made by Beck.  (*See* ECF 237 (attaching Exhibits 13, 20, 39, 40); ECF 242 (attaching Exhibits 41 and 42); *see also* ECF 248.)

The court agrees with Cheatham that he should be allowed to amend his complaint to assert additional factual allegations and attach exhibits he believes support his claims and/or contradict the positions taken by defendants, especially given that Cheatham faces dismissal of his claims

against Dedeke for failing to allege that Dedeke was personally involved in decisions not to schedule surgery for Cheatham's injured finger, a sufficient causal connection, or the requisite state of mind.  For Cheatham to withstand Dedeke's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), his complaint must have enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Put another way, Cheatham's complaint must offer sufficient factual allegations to "raise a right to relief above the speculative level." *Id.* at 555.  Here, Cheatham seeks to amend his complaint to allege factual allegations that he hopes make his claim plausible on its face.  Whether his additional factual allegations are sufficient to "raise a right to relief above the speculative level" is not for the undersigned to decide, as that is within the province of the district judge.  However, Cheatham has shown that he should at least be given the opportunity to amend his complaint to defend against Dedeke's motion to dismiss.

### B.      Amendment Is Allowed Under Rule 15(a)(2)

The court next considers whether to grant leave to amend under Rule 15(a)(2), which directs the court to "freely give leave [to amend] when justice so requires."  In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)).  A court should only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."  *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Although the court is disinclined to allow any amendment that could have been sought earlier and/or that appears likely to further protract the resolution of this case (as was the case the last time Cheatham sought to amend his complaint), the court finds the currently proposed amendment will not add significant delay to this case or prejudice the defendants by expanding the scope of the case.  Cheatham did not unduly delay in seeking to amend to attach these exhibits to his proposed amended complaint after he received this information in discovery.  Nor would the current defendants be prejudiced because Cheatham's proposed amendment includes attachments to the complaint that consist of documents that were produced in discovery or filed in this litigation that are likely to be used as evidence at a later stage of the case, whether in dispositive-motion practice or at trial.

**IT IS THEREFORE ORDERED** that plaintiff Ryan Christopher Cheatham's Motion for Leave to Amend Third Complaint (ECF 234) is granted.

**IT IS FURTHER ORDERED** that the Clerk is directed to file the fourth amended complaint (ECF 234-1) as a separate docket entry and attach the exhibits Cheatham filed at ECF 234-2, ECF 237, and ECF 242.

**IT IS SO ORDERED.**

Dated October 22, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge