IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

    Plaintiff,

    v.

ANDREW DEDEKE, *et al.*,

    Defendants.

Case No. 22-3132-TC-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se plaintiff Ryan Christopher Cheatham's ("Cheatham") Motion for Leave to Amend Complaint. (ECF 254.) By way of this motion, Cheatham seeks leave to amend his § 1983 prisoner civil rights complaint to clarify that he is suing current defendant Sheriff Andrew Dedeke ("Dedeke") in both his individual capacity and his official capacity and to add three more defendants: (1) the Municipality Board of County Commissioners of Leavenworth County ("the Board"), (2) the City of Leavenworth ("the City"), and (3) the Leavenworth Sheriff's Department ("the Sheriff's Department"). (*Id.*) For the reasons discussed below, the court denies Cheatham's motion.

The deadline for motions to amend the pleadings was May 29, 2024. (ECF 100, at 2.) Where, as here, the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *Id.*

To establish good cause under Rule 16(b)(4), the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018). Cheatham was not diligent in moving to amend his complaint to add these three new defendants and to clarify the capacity in which he is suing Dedeke. Cheatham contends that his proposed amendment is based on Dedeke's answer to his Interrogatory No. 1, which cites Kan. Stat. Ann. § 19-1903 in response to Cheatham's request for his job description, and on Dedeke's answer to Interrogatory No. 2, which states that decision-making regarding scheduling surgery for inmates at Leavenworth County Jail "is a collective decision involving Jail medical staff, the Jail commander, outsourced medical providers and transport team." (ECF 254, at 1-3; ECF 254-13, at 1.) Pointing to several other Kansas statutes and case law, Cheatham says he "wasn't sure until after" this research if the Board, the City, and the Sheriff's Department could be held liable under § 1983, but he now understands that there is municipal liability. (ECF 254.)

But neither Dedeke's interrogatory responses nor Cheatham's recent research justify his delay in moving to amend his complaint. Dedeke signed his answers to Cheatham's Interrogatory Nos. 1 and 2 on August 21 (ECF 254-13) and served them on August 27 (ECF 176). Yet Cheatham waited until November 4 to file his current motion to amend his complaint. Cheatham could have sought to add these three defendants when he moved to add Dedeke as a defendant on July 3. (*See* ECF 126.) But he did not. Cheatham is solely responsible for his own delay in adding these defendants. Therefore, the court finds that Cheatham has not met the good-cause standard for amending his pleading after the scheduling order deadline.

Cheatham also does not meet the Rule 15(a) standards for amendment. When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed

"only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). A court may withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The court has previously warned that, "in view of the progression of this case, the court will be increasingly disinclined to allow any further amendments, particularly any amendment that could have been sought earlier and appears likely to further protract the resolution of this case." (ECF 114, at 2.) Here, the court finds, first, that Cheatham unduly delayed in seeking to add these three new defendants and, second, that their belated addition to the case would unduly prejudice the current defendants given the late stage of the litigation. As described above, Cheatham unduly delayed in moving to amend after receiving Dedeke's interrogatory responses upon which his amendment is based. Cheatham has already been granted *four* opportunities to amend his complaint. (ECF 73, 115, 148, 251.) Although the court does not typically allow serial amendments, the court granted Cheatham leave to amend on three prior occasions mainly because his motions to amend were uncontested and/or the amendment did not appear likely to protract the resolution of the case. (ECF 72, 114, 147.) The court granted Cheatham's last attempt to amend his complaint because he diligently sought discovery from Dedeke following his addition to the case and the amendment was necessary for Cheatham to defend against Dedeke's Rule 12(b)(6) motion to dismiss for failure to state a claim. (ECF 250.) None of these circumstances are present here.

3

At this point in the litigation, the court finds that an additional amended complaint adding the Board, the City, and the Sheriff's Department would add significant delay to this case, which was filed nearly 2½ years ago. The court is also persuaded that the current defendants would be prejudiced by the late amendment because allowing Cheatham to add these three defendants at this late date will once again expand the scope of the case and likely generate further motion practice over the pleadings. The parties and the court have already devoted significant resources to sorting out Cheatham's claims. Discovery is closed, and the parties are expected to file either a jointly proposed pretrial order or dispositive motions in a few weeks (on December 2). (ECF 172.) It is time to move forward with this case with the current parties.

**IT IS THEREFORE ORDERED** that plaintiff Ryan Christopher Cheatham's Motion for Leave to Amend Complaint (ECF 254) is denied.

**IT IS SO ORDERED.**

Dated November 7, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge